UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALPESHKUMAR V. SHAH,

    Plaintiff,

    v.                                 Case No. 04-C-0613

WISCONSIN DEPARTMENT OF
TRANSPORTATION, ABDULAZIZ ALEIOW,
JOHN SHAW, DEWAYNE JOHNSON,
CLAUDIA PETERSON, and GAIL MILLER,

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO FILE AN AMENDED COMPLAINT AND DENYING PLAINTIFF'S REQUEST TO REVISE THE COURT'S SCHEDULING ORDER**

    This action was commenced on June 24, 2004, when the plaintiff, Alpeshkumar Shah ("Shah"), proceeding pro se, filed a complaint in the United States District Court for the Eastern District of Wisconsin alleging that he was discriminated against on the basis of his race, color, religion, and national origin; was retaliated against for filing a discrimination claim; and subjected to a hostile work environment, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1983, and the Immigration Reform and Control Act, 8 U.S.C. § 1324b(a)(1).

    On September 21, 2004, the court conducted a scheduling conference in accordance with Federal Rule of Civil Procedure 16 and Civil Local Rule 16.1. Appearing on behalf of the plaintiff at the Rule 16 scheduling conference was Attorney Sandra Graf Radtke. In its September 21, 2004 Scheduling Order, the court ordered, among other things, that all discovery in this case be completed on or before <u>June 1, 2005</u>. Thereafter, on March 15, 2005, Attorney Radtke filed a motion to

withdraw as counsel for plaintiff, and on March 18, 2005, the court granted Attorney Radtke's motion.

Subsequently, on March 25, 2005, Shah filed a motion to amend his complaint, and on May 3, 2005, the court granted the plaintiff's motion to file an amended complaint. In its May 3, 2005 Order, the court granted Shah's request for an extension of time to complete discovery and ordered that all discovery be completed on or before <u>August 1, 2005</u>. Thereafter, on August 8, 2005, the court conducted a scheduling conference, and on August 10, 2005, the court issued another scheduling order. In its August 10, 2005 Scheduling Order, the court ordered that all discovery be completed by <u>February 1, 2006</u>.

On December 16, 2005, the court issued an order addressing the plaintiff's motions to compel. In its December 16, 2005 Order, the court again extended the discovery deadline in this case, ordering that all discovery be completed by <u>April 3, 2006</u>. On March 13, 2006, Attorney Victor Plantinga, Shah's new counsel, requested that in light of his being recently retained by Shah, the court again extend the discovery deadline. Thereafter, on April 4, 2006, the court conducted a scheduling conference, and in its April 4, 2006 Scheduling Order ordered that all discovery be completed by <u>October 2, 2006</u>.

On August 18, 2006, Attorney Plantinga filed a motion to withdraw as counsel for plaintiff, and on September 6, 2006, the court conducted a hearing on Attorney Plantinga's motion to withdraw. At the hearing on September 6, 2006, the court granted Attorney Plantinga's motion to withdraw and extended the discovery deadline yet again, until <u>December 1, 2006</u>. Furthermore, at the September 6, 2006 hearing the court advised Mr. Shah that regardless of whether he obtained new counsel the December 1, 2006 discovery deadline and the December 15, 2006 dispositive motion

2

deadline were going to remain firm deadlines. Indeed, I specifically stated on the record that I would be "hard pressed" to extend the discovery deadline yet again.

On December 4, 2006, Shah, by new counsel, Attorney Glen Reynolds, filed a request to revise the court's scheduling order as well as a motion for leave to file an amended complaint.[1] The plaintiff requests that the court revise its scheduling order in light of Attorney Reynolds's appearance in this action and in light of the plaintiff's motion for leave to file an amended complaint. The plaintiff's request to revise the scheduling order will be denied. As set forth above, this case is now over two years old, and at least five (5) discovery deadlines set by this court have already come and gone. Furthermore, while this court is mindful that Mr. Shah was proceeding pro se at various points during the pendency of this action, this is not an exceedingly complex case. Simply stated, I am satisfied that the parties have had more than enough time to conduct all necessary and relevant discovery. Such being the case, the plaintiff's request will be denied.

As previously noted, the plaintiff has also filed a motion for leave to file an amended complaint. In support of his motion for leave to file an amended complaint, the plaintiff asserts that the amendment is necessary to include acts done by the defendants since the Amended Complaint was filed on May 3, 2005. (Pl.'s Request for Leave to Amend.)

> While leave to amend is to be 'freely given when justice so requires,' Fed. R. Civ. P. 15(a), 'leave to amend is not automatically granted, and may be properly denied at the district court's discretion for reasons including undue delay, the movant's bad faith, and undue prejudice to the opposing party.' *Crest Hill Land Dev., LLC v. City of Joliet*, 396 F.3d 801, 804 (7th Cir. 2005). And in this instance we readily agree with the district court that letting Crenshaw file a third complaint would have unduly prejudiced the defendants. As the district court explained, this

---

[1] The plaintiff's Request for Revised Scheduling Order, Request for Leave to Amend, and Notice of Appearance were all dated November 30, 2006. However, the documents were not filed until December 4, 2006.

3

case was already pending for two years when Crenshaw sought leave to amend a second time.

*Crenshaw v. Antokol*, 2006 WL 3314456, at *3 (7th Cir. 2006); *Foman v. Davis*, 371 U.S. 178, 182 (1962) . Simply put, I am persuaded that allowing the plaintiff to file a second amended complaint nineteen (19) months after the plaintiff filed his first amended complaint and after the close of discovery would be prejudicial to the defendants and to the judicial system. *See Fort Howard Paper Co. v. Standard Havens, Inc.*, 901 F.2d 1373, 1379-80 (7th Cir. 1990) )(stating that "[i]t is wholly within a district court's discretion to deny an amendment to the pleadings for delay and prejudice to the opposing party . . . [and that] [b]eyond prejudice to the parties, a trial court can deny amendment when concerned with the costs that protracted litigation places on the courts [because] [d]elay impairs the public interest in the prompt resolution of legal disputes [and] [t]he interests of justice go beyond the interests of the parties to the particular suit [and] when extreme, delay itself may be considered prejudicial")(internal quotations omitted); *Park v. City of Chicago*, 297 F.3d 606, 613 (7th Cir. 2002) (stating that "the degree of prejudice to the opposing party is a significant factor in determining whether the lateness of the request ought to bar filing") (internal quotations omitted).

To be sure, the plaintiff may bring another action based upon his September 14, 2006 "Right to Sue" letter issued by the EEOC, which presumably addresses the acts done by the defendants since the filing of the plaintiff's first amended complaint. And, while it may appear to be more efficient to consolidate what may become two lawsuits between the same parties, this court will not allow the plaintiff to bootstrap these new claims to this action at this very late stage of the litigation. Indeed, to do so, as previously stated, would prejudice the defendants as well as the judicial system.

Thus, in accordance with the court's September 6, 2006 Scheduling Order, all dispositive motions must be filed <u>on or before December 15, 2006</u>. If no dispositive motions are filed, a scheduling conference will be conducted <u>on December 20, 2006 at 9:15 a.m</u>. in order to set a trial date.

**NOW THEREFORE IT IS ORDERED** that the plaintiff's request for a revised scheduling order be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff's request for leave to file an amended complaint be and hereby is **DENIED**.

**SO ORDERED** this <u>6th</u> day of December 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge