UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ALPESHKUMAR SHAH,

    Plaintiff,

    v.                                             Case No. 04-C-0613

STATE OF WISCONSIN
DEPARTMENT OF TRANSPORTATION,
ABDULAZIZ ALEIOW, JOHN SHAW,
DEWAYNE JOHNSON, CLAUDIA PETERSON,
and GAIL MILLER,

    Defendants.

---

ALPESHKUMAR SHAH,

    Plaintiff,

    v.                                             Case No. 06-C-1266

STATE OF WISCONSIN
DEPARTMENT OF TRANSPORTATION,
ABDULAZIZ ALEIOW, JOHN SHAW,
and DEWAYNE JOHNSON,

    Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTIONS AND SETTING DATES FOR FILING OF RESPONSE AND REPLY IN CONNECTION WITH DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

---

    This case has had a long and tortured procedural history. The following is but a brief summary of its journey so far through the judicial system.

It was almost three and one-half years ago, back on June 24, 2004, that the plaintiff, Alpeshkumar Shah ("Shah"), commenced this action (Case No. 04-C-0613) by filing a complaint against a host of defendants, in which complaint he alleged that he was a victim of discrimination. At that time, Shah was represented by legal counsel. Subsequently, on March 15, 2005, Shah's first legal counsel moved to withdraw, claiming that Shah and she had a "difference of opinion as to how to proceed with his case" and noting that Shah had submitted a letter to the court asking that she no longer represent him. Counsel's motion to withdraw was granted on March 18, 2005.

After having a motion for appointment of counsel denied, Shah proceeded to represent himself. Discovery proceeded in his case, though peppered by discovery disputes. However, on March 14, 2006, another (now a second) lawyer filed a letter with the court advising that he had been retained by Shah and requesting that the court amend the scheduling order previously entered. On April 4, 2006, a new scheduling order was entered. Unfortunately, a little over four months later, on August 18, 2006, Shah's second lawyer filed a motion to withdraw, averring, *inter alia,* that "the relationship between Mr. Shah and I has deteriorated to the point where I no longer believe I can effectively represent Mr. Shah as this case goes forward." (Aff. ¶ 2.) Shah filed a written submission opposing his lawyer's motion. But, on September 6, 2006, the court granted counsel's motion to withdraw and set new dates to govern the processing of the case.

On December 4, 2006, yet a third lawyer filed a notice of appearance on behalf of Shah. At the same time, Shah's new legal counsel filed a motion to amend the complaint. That motion was denied. Shortly thereafter, on December 8, 2006, Shah's counsel filed a second lawsuit (Case No. 06-C-1266).

On December 22, 2006, the defendants filed a motion for summary judgment in Case No. 04-C-0613. Thereafter, Shah's counsel was granted an extension of time, until February 9, 2007, to respond to the summary judgment motion.

On February 9, 2007, Shah filed, *inter alia*, a response to the defendants' motion for summary judgment in Case No. 04-C-0613, a motion for extension of time to supplement summary judgment materials, and a motion to consolidate Case No. 06-C-1266 with Case No. 04-C-0613. On March 9, 2007, Shah's motion to consolidate was granted. At the same time, the court denied without prejudice the defendants' motion for summary judgment in Case No. 04-C-0613, and denied as moot the plaintiff's motion for extension of time. All discovery was ordered to be completed in the now-consolidated cases by July 13, 2007, with a scheduling conference to be held on July 18, 2007. The scheduling conference was conducted on July 19, 2007. At that time, the court ordered all discovery to be completed by September 28, 2007, and all dispositive motions to be filed no later than October 12, 2007.

In accordance with the scheduling order, on October 11, 2007, the defendants filed a motion for summary judgment. Regrettably, on October 12, 2007, Shah's third lawyer filed a motion to withdraw as counsel for Shah, averring, *inter alia*, that "[o]n October 2, 2007, prior to the last deposition scheduled of Paul Trombino, the prior supervisor for the Plaintiff, I had a conversation with respect to strategy with Plaintiff, Alpesh Shah. At the end of the conversation, Plaintiff terminated my representation in this case." (Aff. ¶ 2.) On October 16, 2007, the court granted counsel's motion to withdraw and, at the same time, granted Shah until November 15, 2007, to file his response to the defendants' motion for summary judgment. On October 25, 2007, the court issued an order extending that deadline to December 3, 2007.

3

Case 2:04-cv-00613-WEC   Filed 12/07/07   Page 3 of 5   Document 149

On November 27, 2007, Shah filed a letter (the letter had previously been sent *ex parte* to the court, but was returned to Shah with instructions that there should be no *ex parte* communications with the court). In that letter, Shah suggests, *inter alia*, that the defendants are somehow interfering with his efforts to keep legal counsel in the case. He asks that the court "stop this obstruction of justice by defendants either by ordering F.B.I. secret service to step in or any other way and investigate what is going on with this civil rights case completely."

On December 3, 2007, Shah did not file a response to the defendants' motion for summary judgment in compliance with the court's October 25, 2007 order. Instead, Shah filed a motion to stay proceedings pending completion of discovery, and a motion for a continuance to allow discovery pursuant to Fed. R. Civ. P. 56(f) or, in the alternative, to extend the deadline to permit the plaintiff additional time to find a lawyer. Shah's motions will be denied.

Quite frankly, as briefly summarized above, this court has exhibited an abundance of patience with the proceedings in this case. There comes a time when to exhibit yet more patience towards one party in a lawsuit does a grave disservice to the remaining parties, as well as to the judicial system as a whole. There comes a time in the life of a lawsuit when a judicial officer must say "Enough!" This is that time.

The parties have been afforded more than sufficient time to prepare this case for disposition. They shall be allowed no more time. The plaintiff will be granted until December 17, 2007, to file his materials in opposition to the defendants' motion for summary judgment, in accordance with all applicable rules, including Fed. R. Civ. P. 56 and Civil Local Rule 56.2. The defendants will be granted until January 11, 2008, to file their reply.

4

**NOW THEREFORE IT IS ORDERED** that the plaintiff's motion to stay proceedings pending completion of discovery be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff's motion for continuance or, in the alternative, to extend the deadline to find a lawyer be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that on or before December 17, 2007, the plaintiff shall file his materials in opposition to the defendants' motion for summary judgment;

**IT IS FURTHER ORDERED** that on or before January 11, 2008, the defendants shall file their reply.

**SO ORDERED** this 7th day of December 2007, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge