UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALPESHKUMAR SHAH,

    Plaintiff,

  v.                                      Case No. 04-C-0613

STATE OF WISCONSIN
DEPARTMENT OF TRANSPORTATION,
ABDULAZIZ ALEIOW, JOHN SHAW,
DEWAYNE JOHNSON, CLAUDIA PETERSON,
and GAIL MILLER,

    Defendants.

---

ALPESHKUMAR SHAH,

    Plaintiff,

  v.                                      Case No. 06-C-1266

STATE OF WISCONSIN
DEPARTMENT OF TRANSPORTATION,
ABDULAZIZ ALEIOW, JOHN SHAW,
and DEWAYNE JOHNSON,

    Defendants.

**ORDER**

On October 11, 2007, the defendants, State of Wisconsin Department of Transportation, Abdulaziz Aleiow, John Shaw, Dewayne Johnson, Claudia Peterson, and Gail Miller, ("WI DOT"), filed a motion for summary judgment in the consolidated above captioned cases. In accordance with Civil L.R. 56.2(a) (E.D. Wis.) the defendants' motion was accompanied by their proposed findings of fact.

On January 14, 2008, the plaintiff, Alpeshkumar Shah ("Shah") filed his response to the defendants' motion for summary judgment, accompanied by his response to the defendants' proposed findings of fact and by the plaintiff's additional proposed findings of fact.

On January 29, 2008, the defendants filed their reply to the plaintiff's response brief, but the defendants did not file a response to the plaintiff's additional proposed findings of fact. In their reply brief, the defendants argue that the court should disregard the plaintiff's response to the defendants' proposed findings of fact because such response does not adequately comply with Civil L.R. 56.2. (Reply Br. at 2.)

Civil L.R. 56.2(b)(1) (E.D. Wis.) specifically states that any response to an adverse party's motion for summary judgment must include:

> [a] specific response to the movant's proposed findings of fact, clearly delineating only those findings to which it is asserted that a genuine issue of material fact exists. The response must refer to the contested finding by paragraph number and must include specific citations to evidentiary materials in the record which support the claim that a dispute exists.

While Shah's response to the defendants' proposed findings of fact does comply with the rules in many respects, in one important respect it does not. As properly noted by the defendants in their reply brief, Shah's responses to the WI DOT's proposed findings of fact do not "include specific citations to evidentiary materials in the record which support the claim that a dispute exists." Without such citations it is impossible for this court to ascertain whether a dispute exists or whether it does not. Civil L.R. 56.2(e) requires the court to "conclude that there is no genuine material issue as to any proposed finding of fact to which no response is set out." Because the plaintiff's response is inadequate under the local rules, this court could simply accept the defendants' proposed findings of fact as true.

That having been said, in addition to his response to the defendants' proposed findings of fact, Shah submitted his own proposed findings of fact. Such a submission is permitted under Civil L.R. 56.2(b)(2). Many, but not all, of the proposed findings of fact contained therein provide proper

2

citations to the record. The defendants provided no response to any of the plaintiff's proposed findings or fact, either those properly supported with citation or otherwise. Again, Civil L.R. 56.2.(e) provides that the court can accept as true any of those properly cited proposed findings of fact that are left uncontested.

In the interest of judicial economy, this court is unwilling to sift through the many evidentiary submissions in this case in order to ascertain whether each and every fact proposed by the plaintiff is properly founded in the record. At the same time, the court does not find it to be in the interest of justice to base its summary judgment decision on facts chosen by procedural default as opposed to those facts chosen because they are true. Accordingly, the court orders the following:

1. The plaintiff shall have until February 19, 2008 to comply with Civil L.R. 56.2 and resubmit to the court "Plaintiff's Response to Defendant's Proposed Findings or Fact" and "Plaintiff's Proposed Facts in Support of Response to Defendants' Motion for Summary Judgment";

2. The defendants shall have until February 29, 2008 to file any response to the plaintiff's submissions under Civil L.R. 56.2(b);

3. All submissions under this order shall be submitted to the court electronically and counsel are to provide paper copies directly to the judge's chambers. Such copies are to be clearly marked "COPY" on the first page of each document submitted. In addition, the parties are hereby directed to either file a 3.5" IBM-compatible disk or CD containing the proposed findings of fact and any responses thereto, as called for under Civil L.R. 56.2, or, in the alternative, to e-mail such proposed findings of fact and responses thereto in Word Perfect or Word format to CallahanPO@wied.uscourts.gov.

**SO ORDERED** this 8th day of February 2008, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge